**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| STACY PENNING,<br><br>               Plaintiff-Appellant,<br><br>  v.<br><br>SERVICE EMPLOYEES<br>INTERNATIONAL UNION LOCAL 1021;<br>SERVICE EMPLOYEES<br>INTERNATIONAL UNION,<br><br>               Defendants-Appellees. | No.   20-15226<br><br>D.C. No. 4:19-cv-03624-YGR<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
Yvonne Gonzalez Rogers, District Judge, Presiding

Submitted October 22, 2021**
San Francisco, California

Before: BADE and BUMATAY, Circuit Judges, and SESSIONS,*** District
Judge.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*    The Honorable William K. Sessions III, United States District Judge
for the District of Vermont, sitting by designation.

Plaintiff Stacy Penning appeals the district court's dismissal of his putative class action brought against Service Employees International Union Local 1021 and other local unions affiliated with Service Employees International Union nationwide. Penning seeks declaratory and monetary relief under 42 U.S.C. § 1983 for agency fees collected from paychecks in violation of the First Amendment. He also brings common law conversion and restitution claims.

We have jurisdiction under 28 U.S.C. § 1291. We review *de novo*. *Serra v. Lappin*, 600 F.3d 1191, 1195–96 (9th Cir. 2010) (reviewing dismissal for failure to state a claim and for lack of subject matter jurisdiction *de novo*).

The district court properly dismissed Penning's First Amendment claim, as it is established law in this Circuit that a public sector union may "invoke an affirmative defense of good faith to retrospective monetary liability under section 1983" for agency fees it collected prior to the Supreme Court's decision in *Janus v. American Federation of State, County & Municipal Employees, Council 31*, 138 S. Ct. 2448 (2018). *Danielson v. Inslee*, 945 F.3d 1096, 1097–99 (9th Cir. 2019) ("[P]rivate parties may invoke an affirmative defense of good faith to retrospective monetary liability under 42 U.S.C. § 1983, where they acted in direct reliance on then-binding Supreme Court precedent and presumptively-valid state law.").

Penning's claim for prospective declaratory relief is moot. "It is an inexorable command of the United States Constitution that the federal courts confine

2

themselves to deciding actual cases and controversies." *Gator.com Corp. v. L.L. Bean, Inc.*, 398 F.3d 1125, 1128 (9th Cir. 2005) (en banc). "The limitations that Article III imposes upon federal court jurisdiction are not relaxed in the declaratory judgment context." *Id.* at 1129. When the Supreme Court issued *Janus*, Penning's union immediately stopped collecting agency fees from non-union members. Shortly thereafter, the California Attorney General issued an advisory opinion explaining that the state "may no longer automatically deduct a mandatory agency fee from the salary or wages of a non-member public employee who does not affirmatively choose to financially support the union." Similarly, the state administrative agency that enforces public employment collective bargaining statutes stated that it "will no longer enforce existing statutory or regulatory provisions requiring non-members to pay an agency fee without having consented to such a fee." Accordingly, it is clear that the conduct found unconstitutional in *Janus* has ceased and "could not reasonably be expected to recur." *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000) (quoting *United States v. Concentrated Phosphate Exp. Ass'n*, 393 U.S. 199, 203 (1968)).

That the California statutes governing agency fees have not been repealed does not revive Penning's claims. Unconstitutional statutes, without more, give no one a right to sue. *See, e.g.*, *Thomas v. Anchorage Equal Rts. Comm'n*, 220 F.3d 1134, 1139 (9th Cir. 2000) (en banc) ("[T]he mere existence of a . . . statute . . . [does

3

not] satisf[y] a 'case or controversy' requirement. . . . Rather, there must be a 'genuine threat of imminent prosecution.'") (citation omitted).

The district court also properly dismissed Penning's state law claims. Collection of agency fees was permitted by the Meyers-Milias-Brown Act, California Government Code § 3508.5. Penning's common law claims, asserting conversion and seeking restitution for such collection, are inconsistent with the statute. Cal. Civ. Code § 22.2 ("The common law . . . so far as it is not . . . inconsistent with . . . laws of this State, is the rule of decision in all the courts of this State."). Furthermore, the common law claims are preempted. *See City of San Jose v. Operating Eng'rs Local Union No. 3*, 232 P.3d 701, 705–07 (Cal. 2010); *El Rancho Unified Sch. Dist. v. Nat'l Educ. Ass'n*, 663 P.2d 893, 901–02 (Cal. 1983).

**AFFIRMED**.